IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: : | |
| : | Appellate Case No. 18-cv-00005 |
| TOBIAS HAROLD ELSASS : | Bankruptcy Case No. 16-bk-57091 |
| : | Judge ALGENON L. MARBLEY |
| DEBTOR. : | |
| : | |

| | |
|---|---|
| TOBIAS HAROLD ELSASS, : | |
| : | |
| APPELLANT, : | |
| : | |
| v. : | |
| : | |
| JPMORGAN CHASE BANK, N.A., : | |
| : | |
| APPELLEE. : | |

## OPINION & ORDER

This matter is before the Court on Appellee JPMorgan Chase Bank, N.A.'s ("Chase") motion to dismiss the above-captioned appeal filed by pro se Appellant Tobias Harold Elsass ("Debtor"). (ECF No. 2). Specifically, Chase requests dismissal pursuant to Federal Rule of Bankruptcy Procedure 8003(a)(2) due to Debtor's failure to file a designation of record, statement of issues, and appellant brief. For the reasons set forth below, this Court **GRANTS** Chase's Motion to Dismiss Appeal and **DISMISSES** Debtor's appeal.

## I. BACKGROUND

On November 2, 2016, Debtor voluntarily filed for Chapter 7 bankruptcy relief. *In re Elsass*, No. 2:16-bk-57091 (S.D. Ohio Nov. 2, 2016), ECF No. 1. On April 18, 2017, Chase filed a motion for relief from stay, requesting authorization from the bankruptcy court to proceed with foreclosure and sale of Debtor's residence, located at 887 Plum Tree Drive, Columbus, OH

1

43235 ("the Property"). *Id.* at ECF No. 49. The Chapter 7 Trustee signed an abandonment of the Property. Trustee's Abandonment, *Id.* at ECF No. 51. On June 14, 2017 the bankruptcy court granted Chase's motion for relief from stay. *Id.* at ECF No. 65. On July 13, 2017, Debtor filed an untimely notice of appeal and statement of election to district court. *Id.* at ECF No. 70. Pending that appeal to the federal district court, Chase asserts that Debtor sought to stay ongoing state court foreclosure proceedings. (ECF No. 2 at 3). Chase moved to dismiss the appeal for lack of jurisdiction due to the failure to file a timely notice of appeal, and this Court granted that motion to dismiss on October 30, 2017. *In re Elsass*, No. 17-cv-00611 (S.D. Ohio Oct. 30, 2017), ECF No. 5. The order dismissing Debtor's first appeal was mailed to the Debtor's residence the next day via certified mail. No. 17-cv-00611, ECF No. 6. However, it was returned as unclaimed on November 30, 2017. *Id.* at ECF No. 8.

On November 13, 2017 – seemingly in response to the dismissal of his first appeal – Debtor filed a motion in the bankruptcy court under Federal Rule of Civil Procedure 60(b) seeking relief from the bankruptcy court's June 14, 2017 order. No. 2:16-bk-57091, ECF No. 88. The bankruptcy court dismissed Debtor's 60(b) motion on December 13, 2017. *In re Elsass*, No. 2:16-bk-57091 (S.D. Ohio Nov. 13, 2017), ECF No. 90. On December 27, 2017, Debtor filed a timely notice of appeal and a statement of election to district court, which the bankruptcy court transmitted to this Court on January 2, 2018. (ECF No. 1). Chase asserts that the bankruptcy proceedings in state court remain stayed pending the resolution of this appeal. (ECF No. 2 at 4).

Since filing his notice of appeal, Debtor has taken no further steps to prosecute his appeal. His Designation of the Record and his Statement of Issues were due to be filed with the bankruptcy court clerk on January 10, 2018, 14 days after Debtor filed the notice of appeal, but

he has yet to file either. As of the date of this order, Debtor's Designation of Record and Statement of Issues are 166 days late. When Debtor failed to meet this deadline, Chase filed the present Motion to Dismiss Appeal. (ECF No. 2). Debtor moved for an extension of time to file his Response to Chase's motion. (ECF No. 4). Acknowledging the less stringent standards for pro se litigants, the Court granted Debtor's Motion for Extension of Time and *sua sponte* extended the due date for Debtor's Appellant Brief. (ECF No. 6). The new due date for both the Response and the Appellant Brief became April 16, 2018. (*Id.*). The Court also stated that Debtor's "[f]ailure to file his Appellant Brief by this date will result in the Court dismissing this appeal for want of prosecution." (*Id.*). This order was sent via certified mail to Debtor's residence on April 5, 2018.

Debtor filed his response to Chase's present motion on April 9, 2018. (ECF No. 7). However, he has not filed his Appellant Brief. On May 2, 2018, the postal service returned to this Court as unclaimed the order moving the filing deadline to April 16, 2018. (ECF No. 9). As of the date of this order, Debtor's Appellant Brief is 71 days late.

## II. LEGAL STANDARD

The Federal Rules of Bankruptcy Procedure provide specific requirements for appealing an order from a federal bankruptcy court. FED. R. BANKR. P. 8001(A). A party may make such an appeal directly to a federal district court under Fed. R. Bankr. P. 8005. The appellant must file a notice of appeal with the bankruptcy court clerk within 14 days after entry of the judgement underlying the appeal. FED. R. BANKR. P. 8002(A). Within 14 days of filing the notice of appeal, the appellant must file a designation of items to be included in the appellate record and a statement of issues to be addressed by the reviewing court. FED. R. BANKR. P. 8009(A). Once the bankruptcy court has transferred these filings to the district court, the

appellant has 30 days to serve and file an appellant brief. FED. R. BANKR. P. 8018(A). The district court may modify the timing requirements for appellant and appellee briefs as it deems appropriate. *Id.* Under Fed. R. Bankr. P. 8003(a)(2), an appellant's failure to file a timely designation of record, statement of issues, or appellant brief may result in dismissal for failure to prosecute at the district court's discretion, subject to some restrictions found in precedent.

Though the interests of justice usually favor adjudication on the merits, district courts in the Sixth Circuit may dismiss bankruptcy appeals when the appellant has failed to follow the Federal Rules of Bankruptcy Procedure and in doing so has shown bad faith, negligence, or indifference to procedural requirements. *In re Winner*, 632 F.2d 658, 661 (6th Cir. 1980). Courts may also dismiss bankruptcy appeals when the appellant's failure to comply with procedural requirements results in prejudice to appellees. *See, e.g.*, *White v. Creditors Serv. Corp. (In re Creditors Serv. Corp.)*, No. C-2-96-690, 1998 U.S. Dist. LEXIS 23551, at *15-16 (S.D. Ohio June 25, 1998); *In re Nelson*, No. 05-60062, 2005 WL 2033537, at *2 (E.D. Mich. Aug. 22, 2005).

### III. ANALYSIS

The Court finds that Debtor has shown indifference toward the timing requirements for his appellate filings. Though the Court is mindful that pro se litigants are subject to less stringent standards, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972); *In re Ingram*, 431 B.R. 307, *3 (B.A.P. 6th Cir. 2010), the required leniency does not amount to a wholesale exemption from bankruptcy appellate procedures, *see Rutledge v. Rubicon Realty Group, LLC*, No. 17-CV-13743, 2018 WL 646844, at *2 (E.D. Mich. Jan. 31, 2018) (citing *In re Sharwell*, 129 F.3d 1265, 1997 WL 681509, *1 (6th Cir. 1997)).

Nearly six months after filing his notice of appeal, Debtor has failed to provide a Designation of the Record and a Statement of the Issues as required in Fed. R. Bankr. P. 8009(a). The absence of these documents alone would suffice as grounds to dismiss Debtor's appeal for indifference and failure to prosecute. *See Rutledge*, 2018 WL 646844 at *2 (dismissing pro se bankruptcy appeal for indifference where appellant filed designation of the record two months late and appellant's prior conduct showed no intention of complying with bankruptcy appellate procedure); *In re Sharwell*, 1997 WL 681509 at *1 (dismissing pro se bankruptcy appeal where appellant filed no designation of record or statement of issues and filed appellant brief six months late); *In re Bock Laundry Mach. Co.*, 63 B.R. 221 (N.D. Ohio 1986) (dismissing bankruptcy appeal where pro se appellant made no required filings other than notice of appeal).

The Court provided an extended briefing deadline even though Debtor only requested an extension on his Response to Chase's Motion to Dismiss Appeal. (ECF No. 6 at 1). Moreover, this Court expressly stated that failure to file an Appellant Brief by April 16, 2018 would result in dismissal of Debtor's appeal. (*Id.*). Despite this warning and the Court's willingness to be solicitous of Debtor's pro se status, he has not filed an Appellant Brief. The Court can only interpret Debtor's failure to act as a manifestation of his indifference toward the appellate rules. *See Barclay v. U.S. Tr., Hackett*, 106 Fed. App'x. 293, 294 (6th Cir. 2004) (affirming dismissal of bankruptcy appeal where pro se appellant failed to cure deficient record and failed to file appellant brief despite deadline extensions). Debtor's failure to make timely filings in his prior appeal also supports this interpretation of his recent omissions. *See In re Harris*, 968 F.2d 1214, 1992 WL 163262, *1 (6th Cir. 1992) (affirming dismissal of bankruptcy appeal and acknowledging appellant's history of tardy filings as a reasonable basis for the district court's finding of negligence and indifference).

It is immaterial that the copy of this Court's order extending the filing deadline sent to Debtor via certified mail was returned as unclaimed.[1] *See In re Nelson*, 2005 WL 2033537 at *1-2 (dismissing bankruptcy appeal for indifference when pro se appellant claimed he had not received mail with notice of filing deadlines but had not filed a change of address with the court or provided any reason to believe he did not receive the order). Debtor has not filed a change of address with this Court and has not provided any reason for this Court to believe he could not receive correspondence at that address. In his April 9, 2018 Response to Chase's Motion to Dismiss Appeal, Debtor provides the same address to which the order was mailed and mentions receiving other mail at that address as recently as February 2018. (ECF No. 7 at 2). The Court also notes that Debtor filed the Rule 60(b) motion underlying his current appeal in an apparent response to this Court's October 30, 2017 order, which was also returned as unclaimed after being sent via certified mail to the same address.

This Court must manage its docket efficiently and avoid undue delays in resolving controversies. *See In re Nelson*, 2005 WL 2033537 at *2 (citing *English-Speaking Union v. Johnson*, 353 F.3d 1013, 1021 (D.C. Cir. 2004)). Debtor has failed to file his Designation of the Record and his Statement of Issues and has failed to comply with this Court's prior order to file an Appellate Brief by April 16, 2018. He has repeatedly failed to comply with the bankruptcy appellate rules even after the Court has relaxed those rules to his benefit in acknowledgment of his pro se status. Accordingly, Debtor has shown indifference to procedural requirements, and this Court dismisses his appeal for failure to prosecute.

## IV. CONCLUSION

For the foregoing reasons, Chase's Motion to Dismiss Appeal (ECF No. 2) is hereby **GRANTED**. Debtor's appeal is **DISMISSED**.

---

[1] Though Debtor does not raise this issue, the Court examines it fully due to Debtor's pro se status.

**IT IS SO ORDERED.**

                                             **s/ Algenon L. Marbley**
                                         **ALGENON L. MARBLEY**
                                         **UNITED STATES DISTRICT JUDGE**

**DATED: June 26, 2018**